## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY<br>One Park Circle<br>PO Box 5001<br>Westfield Center, OH  44251-5001,<br>    and<br>HORACE MANN INSURACNE COMPANY<br>A/K/A TEACHERS INSURANCE<br>COMPANY<br>1 Horace Mann Plaza<br>Springfield, IL 62715,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM INC.<br>410 Terry Avenue N.<br>Seattle, WA 98109,<br>    and<br>GETFPV LLC<br>1060 Goodrich Avenue<br>Sarasota, FL 34236,<br>    and<br>LUMENIER LLC<br>1060 Goodrich Avenue<br>Sarasota, FL 34236,<br>    and<br>POWEREXTRA ELECTRONICS<br>17745 East Valley Boulevard<br>City Of Industry, CA  91744-5741,<br><br>    Defendants. | Civil Action No:<br><br>JURY DEMANDED |

## **COMPLAINT**

Plaintiffs, by and through their undersigned counsel, hereby demand judgment against Defendants and complain against them as follows:

## PARTIES

1. Plaintiff, Westfield Insurance Company (hereinafter "Westfield"), is an insurance company, organized under the laws of the state of Ohio with its principal place of business located at the above address.

2. At all times relevant hereto, Westfield was duly authorized to engage in the business of, *inter alia*, underwriting property insurance in Delaware.

3. At all times relevant hereto, Westfield provided property insurance to The Association of Owners of Gull Point (hereinafter "Gull Point") in connection with its property located at 30895 Crepe Myrtle Drive, Millsboro, DE 19966 under a policy of insurance that was in full force and effect at all relevant times.

4. Plaintiff, Horace Mann Insurance Company a/k/a Teachers Insurance Company (hereinafter "Teachers"), is an insurance company, organized under the laws of the state of Illinois with its principal place of business located at the above address.

5. At all times relevant hereto, Teachers was duly authorized to engage in the business of, *inter alia*, underwriting property insurance in Delaware.

6. At all times relevant hereto, Teachers provided property insurance to Ralph Peters (hereinafter "Mr. Peters," or collectively with Gull Point "Subrogors") in connection with his properties located at Unit 66 and Unit 67 at 30895 Crepe Myrtle Drive, Millsboro, DE 19966, as well as auto insurance in connection with his 2016 Chrysler Town and Country, under policies of insurance that were in full force and effect at all relevant times.

7. Defendant, Amazon.com Inc. (hereinafter "Amazon"), was at all relevant times, a corporation organized and existing under the laws of the State of Delaware, with its headquarters and principal place of business located at 410 Terry Avenue N, Seattle, WA 98109.

8. Amazon is in the business of, *inter alia*, selling, distributing, marketing, assembling, installing and/or delivering a variety of products to consumers, including the Powerextra 11.1V 6300mAh 10C 3S Lipo Battery ("the subject battery"), which was sold by Amazon prior to the fire as more fully described below.

9. Defendants GetFPV LLC and Lumenier LLC (hereinafter referred to collectively as "GetFPV/Lumenier") were at all relevant times associated limited liability companies with their headquarters and principal places of business both located at 1060 Goodrich Avenue, Sarasota, FL 34236.

10. GetFPV LLC and Lumenier LLC, upon information and belief, are each and both in the business of, *inter alia*, selling, distributing, marketing, assembling, installing and/or delivering a variety of products to consumers, including the EV-Peak CQ3 Multi Charger 4 x 100W NiMH/LiPO ("the subject battery charger") which was sold prior to the fire as more fully described below.

11. Defendant Powerextra Electronics ("Powerextra"), was at all relevant times, a company with its headquarters and principal place of business located at 17745 East Valley Boulevard, City of Industry, CA 91744-5741.

12. Powerextra is in the business of, *inter alia*, manufacturing, selling, distributing, marketing, assembling, installing, and/or delivering a variety of products to consumers, including the subject battery sold prior to the fire, as more fully described below.

## JURISDICTION AND VENUE

13. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states, and none of the Plaintiffs are legal citizens or residents of any of the states and jurisdictions where any of the Defendants are legal citizens or residents. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

14. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

15. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

16. On or about January 10, 2017, Kristin Nelson, the daughter of Ralph Peters, purchased the subject battery from Amazon.

17. On or about May 30, 2017 Ms. Nelson purchased the subject battery charger from GetFPV.

18. Ms. Nelson used the subject battery and subject battery charger for their intended purposes without incident from approximately January 10, 2017 and May 30, 2017, respectively, and together through July 8, 2018.

19. Ms. Nelson did not experience any problems with the functionality of either product prior to the date of the subject fire.

20. On July 8, 2018, while the subject battery charger was charging the subject battery in a storage room adjacent to Unit 67 of 30895 Crepe Myrtle Drive, Millsboro, DE 19966, the subject battery malfunctioned, catastrophically failed and caused a fire that led to

extensive damage to the Subrogors' real and personal property, as well as the imposition of additional expenses and hardship besides, which was directly and proximately caused by the Defendants as is further and more fully described below.

21. Plaintiffs reimbursed the Subrogors for such damages in accord with the terms and conditions of their aforementioned insurance policies, and now seek reimbursement hereunder for such damages against the responsible parties.

## COUNT I
## PLAINTIFFS v. DEFENDANTS
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

22. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

23. Defendants, each and all, expressly and/or impliedly warranted to the purchasers, users and public that the subject battery and subject battery charger, whichever they sold, were free from defects and of merchantable quality; reasonably fit for the purpose for which they were intended in the ordinary and reasonable use thereof; and reasonably fit for the particular purposes for which they were purchased.

24. Defendants, each and all, breached its express and/or implied warranties in that the subject battery was not free from defects, not of merchantable quality, not reasonably fit for the purpose for which it was intended in the ordinary and reasonable use thereof, and not reasonably fit for the particular purpose for which it was purchased.

25. Defendants knew that the purchasers, users and public were relying on Defendants' individual and collective expertise, skill and judgment in furnishing such goods to meet these warranties.

26. The incident at issue, and the damages and losses sustained resulted directly and proximately from Defendants' breaches of these expressed and/or implied warranties, for which claim is hereby made.

27. Plaintiffs and the Subrogors have met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants, individually, and jointly and severally, in an amount in excess of $400,000.00, plus costs incident to this suit, delay damages, interest, attorney fees, and such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II
## PLAINTIFFS v. AMAZON
## NEGLIGENCE

28. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

29. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Amazon, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to properly sell, inspect, test, distribute and/or market a functioning product that was free of defects;

        ii. failing to properly determine that the subject battery and/or its component parts were not free of defects and/or in compliance with applicable safety standards;

        iii. failing to provide safe and adequate warnings or instructions with the subject battery;

      iv.   selling, inspecting, testing, distributing and/or marketing the subject battery when Amazon knew or should have known that the product and/or its component parts would be defective and unreasonably dangerous; and/or

      v.   failing to do the necessary due diligence as to the company that sold and/or manufactured the subject battery, so as to ensure that Amazon was marketing, selling and/or distributing a safe product that was free from dangerous defects.

b. failing to adequately instruct, supervise and/or train servants, employees and agents, and/or suppliers as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all servant, agents, employees and/or suppliers to prevent the omissions and errors set forth in subparagraph (a) above;

f. failing to retain competent, qualified and/or able agents, employees, servants and/or suppliers to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

30. As a direct and proximate result of such negligent conduct, Subrogors and Plaintiffs sustained and incurred the aforementioned damages in excess of $400,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Amazon in an amount in excess of $400,000.00, plus costs incident to this suit, delay damages, interest, attorney fees, and such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III
## PLAINTIFFS v. POWEREXTRA, GETFPV LLC and LUMENIER LLC
## NEGLIGENCE

31. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

32. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Powerextra, GetFPV LLC, and Lumenier LLC, by and through employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to design, assemble, manufacture, sell, inspect, test, distribute and/or market properly functioning product;

        ii. failing to properly determine that their products and/or their component parts were not in compliance with applicable standards;

        iii. failing to provide safe and adequate warnings or instructions with their products; and/or

        iv. designing, assembling, manufacturing, selling, inspecting, testing, distributing and/or marketing their products when they knew or should have known that such products and/or their component parts would be defective and unreasonably dangerous.

    b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    c. failing to adequately warn others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

    d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    e. failing to properly monitor the work of all servants, agents, employees, subcontractors and suppliers to ensure compliance with applicable safety procedures;

  f. failing to retain competent, qualified and/or able agents, employees, servants, subcontractors and suppliers to perform the tasks set forth in subparagraph (a) above and to avoid the sale and distribution of unsafe products;

  g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

  h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

33. As a direct and proximate result of such negligent conduct, Subrogors and Plaintiffs sustained and incurred the aforementioned damages in excess of $400,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Powerextra, GetFPV LLC and Lumenier LLC, individually, and/or jointly and severally, in an amount in excess of $400,000.00, plus costs incident to this suit, delay damages, interest, attorney fees, and such other relief as this Honorable Court shall deem appropriate under the circumstances.

Respectfully Submitted,

/s/ R. Stokes Nolte
R. Stokes Nolte, Esquire (DE Bar ID 2301)
WILKS LAW, LLC
4250 Lancaster Pike Suite 200
Wilmington, DE 19805
Telephone: 302.225.0863
Facsimile: 302.225.0851
Email: rnolte@wlblaw.com

Dated: July 7, 2020