# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY ) <br> and HORACE MANN INSURANCE ) <br> COMPANY A/K/A TEACHERS ) <br> INSURANCE COMPANY, ) <br> ) <br>       Plaintiffs, ) <br> ) <br>   v. ) <br> ) <br> AMAZON.COM INC., GETFPV LLC, ) <br> LUMENIER LLC and ) <br> POWEREXTRA ELECTRONICS, ) <br> ) <br>       Defendants. ) | Civil Action No. 20-918-LPS-CJB |

## REPORT AND RECOMMENDATION

Presently pending before the Court is a motion to dismiss filed by Defendants GetFPV LLC ("GetFPV") and Lumenier LLC ("Lumenier," and together with GetFPV, "Moving Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (D.I. 15) Plaintiffs Westfield Insurance Company ("Westfield") and Horace Mann Insurance Company (a/k/a Teachers Insurance Company, or "Teachers") oppose the Motion. For the reasons that follow, the Court recommends that the Motion be GRANTED in the manner set out below.

## I. BACKGROUND

### A. Factual Background

Plaintiffs filed this action against Moving Defendants, as well as Defendants Amazon.com ("Amazon") and Powerextra Electronics ("Powerextra"). (D.I. 1) The Complaint's allegations relate to a fire that occurred on July 8, 2018 in or around the property of Ralph Peters, located at Units 66 and 67 at 30895 Crepe Myrtle Drive in Millsboro, Delaware ("the property"). (*Id*. at ¶¶ 6, 20) The property is a part of The Association of Owners of Gull Point ("Gull Point," and with Mr. Peters, the "Subrogors"). (*Id*. at ¶ 3) At the time of the fire, Westfield provided property insurance to Gull Point via an insurance policy that was in full force and effect, and Teachers provided insurance to Mr. Peters for, *inter alia*, Units 66 and 67, via an insurance policy that also was in full force and effect. (*Id.* at ¶ 6)

The Complaint states that on the day of the fire, a "battery charger [(the 'subject battery charger')] was charging [a] battery [(the 'subject battery')] in a storage room adjacent to Unit 67[.]" (*Id*. at ¶ 20) It goes on to allege that "the subject battery malfunctioned, catastrophically failed and caused a fire that led to extensive damage to the Subrogors' real and personal property[.]" (*Id.*) The subject battery is alleged to have been purchased from Amazon by Mr. Peters' daughter, Kristin Nelson, on or about January 10, 2017; the battery is alleged to have been manufactured by Powerextra. (*Id*. at ¶¶ 8, 12, 16) The subject battery charger was purchased by Ms. Nelson on or about May 30, 2017 from GetFPV.[1] (*Id.* at ¶ 17) According to the Complaint, the subject battery and subject battery charger had been used without incident from their respective purchase dates until the day of the fire. (*Id.* at ¶¶ 18-19)

---

[1] In the "Parties" section of the Complaint, Plaintiffs allege that both GetFPV and Lumenier sell, distribute, market, assemble, install and/or deliver the subject battery charger. (D.I. 1 at ¶ 10) That said, in the "Statement of Facts" section, Plaintiffs allege only that Ms. Nelson purchased the subject battery charger from GetFPV, and do not address Lumenier's purported role in the particular events leading up to the fire. (*Id.* at ¶ 17) In light of the nature of the Court's decision below, the Court need not now further address this issue regarding Lumenier's asserted connection (or lack thereof) to the fire.

After the fire, Plaintiffs reimbursed the Subrogors for damages in accordance with the terms and conditions of their aforementioned insurance policies. (*Id.* at ¶ 21) With this suit, Plaintiffs now seek reimbursement for such damages from Defendants. (*Id.*)

### B.   Procedural Background

Plaintiffs filed this suit on July 7, 2020. (D.I. 1) Moving Defendants filed the instant Motion, in lieu of an Answer, on September 16, 2020. (D.I. 15) Briefing on the Motion was complete as of October 7, 2020. (D.I. 20) On December 3, 2020, Chief District Judge Leonard P. Stark referred this case to the Court to resolve all pretrial matters, up to and including the resolution of case-dispositive and *Daubert* motions. (D.I. 23)

## II.   LEGAL STANDARD

The sufficiency of pleadings for non-fraud cases is governed by Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In assessing the plausibility of a claim, the court must "'construe the complaint in the light most favorable to the plaintiff, and determine

whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

### III. DISCUSSION

In their Complaint, Plaintiffs assert three counts: (1) for breach of express and implied warranties against all Defendants (Count I); (2) for negligence against Amazon (Count II); and (3) for negligence against Powerextra and Moving Defendants (Count III). (D.I. 1 at ¶¶ 22-33) With their Motion, Moving Defendants seek dismissal of both counts against them (i.e., Counts I and III). The Court will address those counts in turn.

#### A. Count I

Count I is a claim for breach of an express and/or implied warranty. The elements of a claim for breach of express warranty under Delaware law[2] are: (1) the existence of an express warranty; (2) a breach of the defendant's express warranty; (3) a causal connection between the defendant's breach and the plaintiff's injury or damage; and (4) the extent of loss proximately caused by the defendant's breach. *Staging Dimensions, Inc. v. KP Walsh Assocs., Inc.*, Case No.: CPU4-19-001377, 2020 WL 1428120, at *5 (Del. Ct. Com. Pl. Mar. 19, 2020); *see also* Del. Code Ann. tit. 6, § 2-313. The elements of a claim for a breach of the implied warranty of merchantability are: (1) that a merchant sold the goods; (2) which were defective at the time of the sale; (3) causing injury to the ultimate consumer; (4) the proximate cause of which was the

---

[2] In this diversity jurisdiction case, (D.I. 1 at ¶ 13), this Court must apply the substantive law of the state whose laws govern the action, *see Charlevoix v. Caterpillar, Inc.*, 239 F. Supp. 3d 814, 820 (D. Del. 2017) (citing *Robertson v. Allied Signal*, 914 F.2d 360, 378 (3d Cir. 1990)). Moving Defendants suggest, (D.I. 15 at 3-4), and Plaintiffs do not seem to dispute, (D.I. 19), that Delaware law applies to all of the counts at issue. Thus, the Court will assume *arguendo* herein that this is correct.

defective nature of the goods; and (5) that the seller had notice of the injury. *Reybold Grp., Inc. v. Chemprobe Techs., Inc.*, 721 A.2d 1267, 1270 (Del. 1998); *see also* Del. Code Ann. tit. 6, § 2-314. And to plead a claim for breach of the implied warranty for a particular purpose, a plaintiff must sufficiently allege that: (1) the buyer has a special purpose for certain goods; (2) the seller knew or had reason to know of that purpose; (3) the seller knew or had reason to know that the buyer was relying on the seller's superior skill to select goods that fulfilled that purpose; and (4) the buyer in fact relied on the seller's superior skill. *DiIenno v. Libbey Glass Div., Owens-Illinois, Inc.*, 668 F. Supp. 373, 376 (D. Del. 1987); *Emmons v. Tri Supply & Equip. Inc.*, C.A. No. N10C-09-172 EMD, 2013 WL 4829272, at *5 (Del. Super. Ct. July 29, 2013); *see also* Del. Code Ann. tit. 6, §2-315.

Here, the Court agrees with Moving Defendants, (D.I. 15 at 2-3, 5), that Count I should be dismissed as to them. In order to make out any of the types of breach of warranty claims referenced above, Plaintiffs would need to plead facts, *inter alia*, plausibly suggesting that there was some defect with or other breach of warranty as to the subject battery charger. But in the key paragraph in Count I (paragraph 24), when Plaintiffs are actually asserting who it is that breached what warranty (and why), they allege only that "Defendants, each and all, breached its express and/or implied warranties *in that the subject battery* was not free from defects, not of merchantable quality, not reasonably fit for the purposes for which it was intended in the ordinary and reasonable use thereof, and not reasonably fit for the particular purpose for which it was purchased." (D.I. 1 at ¶ 24 (emphasis added)) As was noted above, the Complaint makes clear that Moving Defendants do not have any connection to the manufacture or sale of the *subject battery*; they are alleged only to have a connection to the *subject battery charger*. And although Plaintiffs do allege elsewhere in the Complaint that the subject battery charger was

5

charging the subject battery just before the fire started, (*id.* at ¶ 20), nowhere in Count I, or otherwise in the Complaint, do Plaintiffs clearly allege that a defect in the *subject battery charger* amounted to or resulted in a breach of an express or implied warranty.[3]  Indeed, the way paragraph 24 is written makes it appear as if only a defect in the *subject battery* is said to have caused a breach of warranty.

This all amounts to a failure by Plaintiffs to sufficiently plead the claims referenced in Count I.  It also amounts to a failure to provide adequate notice to Moving Defendants of the nature of such a claim against them.  Therefore, the Court recommends that Moving Defendants' Motion be granted as to Count I.

**B.      Negligence**

Count III is a negligence claim.  In order to plead a claim of negligence, Plaintiffs must sufficiently allege facts indicating that the Moving Defendants' negligent acts or omissions breached a duty of care owed to Plaintiffs, and that the breach proximately caused Plaintiffs' injury.  *Royal v. Galman Stonebridge, LLC*, C.A. No. N17C-07-094, 2018 WL 3640896, at *2 (Del. Super. Ct. July 16, 2018).  In Count III, Plaintiffs broadly allege that Moving Defendants (along with Powerextra) were negligent in various ways.  (D.I. 1 at ¶ 32)

Here again though, the Court agrees that Plaintiffs have failed to state a plausible claim as to Moving Defendants.  Count III itself does not include any allegations that are specific to

---

[3]     Nor does the Complaint ever identify the particular nature of any defect in the subject battery charger, or its cause.  *Cf. In re Benzene Litig.*, C.A. Nos. 05C-09-020-JRS (BEN), 06C-05-295-JRS (BEN), 2007 WL 625054, at *6 (Del. Super. Ct. Feb. 26, 2007) (noting that when the facts giving rise to a complaint for breach of warranty or negligence do not themselves suggest the nature of the product defect, "it is also incumbent upon the plaintiff to plead the nature of the defect, the specific cause of the defect, the duty owed by [the] defendant to [the] plaintiff], the breach of duty by the defendant and the damages resulting from the breach.") (internal quotation marks and citation omitted).

Moving Defendants' products.  (*Id*. at ¶¶ 31-33)  Now, to be sure, the Count does incorporate by reference the preceding allegations in the Complaint.  (*Id*. at ¶ 31)  Yet as noted above, the earlier allegations found in Count I seem to suggest that only the subject battery—not the subject battery charger—is what is asserted to contain an actionable defect.  Moreover, the allegations in the "Statement of Facts" section of the Complaint are similarly unhelpful to Plaintiffs.  That is because while those allegations note that the fire started when the subject battery was being charged by the subject battery charger, they specifically state that it was the "*subject battery* [that] malfunctioned, catastrophically failed and caused a fire that led to extensive damage to the Subrogors' [] property[.]"  (*Id*. at ¶ 20 (emphasis added))  Again, that reads as if it was the *subject battery*, not the *subject battery charger*, that is being called out as the cause of the fire.  (D.I. 20 at 1-2)  And so the Court cannot see how the Complaint sufficiently alleges that a negligent act *of Moving Defendants* is what proximately caused Plaintiffs' injuries.

       For these reasons, the Court recommends that Moving Defendants' Motion be granted as to Count III.

**IV.     CONCLUSION**

       For the reasons set forth above, the Court recommends that Moving Defendants' Motion be GRANTED.

       Because it is not clear to the Court that allowing the opportunity to amend would be a futile act, because this is the first time the Court has found Plaintiffs' claims to be deficiently pleaded, and because leave to amend should be given freely "when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), the Court also recommends that dismissal of the claims be without prejudice, and that, to the extent that the District Court affirms the Court's recommendation, Plaintiffs be given leave to file a further amended complaint within 14 days that attempts to address the

deficiencies outlined above. *TriDiNetworks Ltd. v. Signify N. Am. Corp.*, Civil Action No. 19-1063-CFC-CJB, 2020 WL 2839224, at *5 (D. Del. June 1, 2020).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: March 9, 2021

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE