IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WESTFIELD INSURANCE COMPANY and HORACE MANN INSURANCE COMPANY A/K/A TEACHERS INSURANCE COMPANY**<br><br>**Plaintiffs,**<br><br>v.<br><br>**AMAZON.COM INC, et al.,**<br><br>**Defendants.** | Case No. 1:20-cv-00918 LPS-CJB<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT WONDERSHOP INC.'S ANSWER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS FOR INDEMNIFICATION AND CONTRIBUTION AND/OR SET-OFF TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY DEMAND**

Defendant Wondershop, Inc. ("Wondershop" or "Answering Defendant"), Answers Plaintiffs' Second Amended Complaint, as follows:

1. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies them.

2. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies them.

3. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies them.

4. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies them.

5. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies them.

6. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies them.

7. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore denies them.

8. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies them.

9. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore denies them.

10. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore denies them.

11. Admit.

12. Answering Defendant admits only that it sells some products, but denies that it sold the subject battery at issue in Plaintiffs' Complaint. Answering Defendant denies all other allegations of Paragraph 12.

13. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies them.

14.-16. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 14 through 16, and therefore denies them.

17. The averment in Paragraph 17 constitutes a legal conclusion to which no response is required.

18. The averment in Paragraph 18 constitutes a legal conclusion to which no response is required.

**STATEMENT OF FACTS**

19. Answering Defendant incorporates by reference its answers to Paragraphs 1 through 18 as if same were fully set forth at length herein.

20. Answering Defendant admits only that Wondershop purchased batteries from Shenzhen Grepow. Answering Defendant denies all other allegations in Paragraph 20.

21. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies them.

22. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies them.

23. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies them.

24. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies them.

25. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies them.

26. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore denies them.

27. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore denies them.

28. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies them.

29. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore denies them.

30. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore denies them.

31. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore denies them.

32. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore denies them.

33. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore denies them.

34. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and therefore denies them.

**COUNT I**
**PLAINTIFFS v. DEFENDANTS**
**BREACH OF EXPRESS AND IMPLIED WARRANTIES**

35. Answering Defendant incorporates by reference its answers to Paragraphs 1 through 34 as if same were fully set forth at length herein.

36. Denied as a conclusion of law as to Answering Defendant.

37. Denied as a conclusion of law as to Answering Defendant.

38. Denied as a conclusion of law as to Answering Defendant.

39. Denied.

40. Denied as a conclusion of law.

Wherefore, Answering Defendant respectfully requests judgment in its favor and that it be awarded costs, fees and such other relief as this Court deems just and proper.

## COUNT II
## PLAINTIFFS v. AMAZON
## NEGLIGENCE

41. Answering Defendant incorporates by reference its answers to Paragraphs 1 through 40 as if same were fully set forth at length herein.

42. The averments in Paragraph 42, and its subparts, are directed to a defendant other than this Answering Defendant and therefore no response is required.

43. The averments in Paragraph 43, and its subparts, are directed to a defendant other than this Answering Defendant and therefore no response is required.

WHEREFORE, Answering Defendant respectfully requests judgment in its favor and that it be awarded costs, fees and such other relief as this Court deems just and proper.

## COUNT III
## PLAINTIFFS v. WONDERSHOP
## NEGLIGENCE

44. Answering Defendant incorporates by reference its answers to Paragraphs 1 through 43 as if same were fully set forth at length herein.

45. Denied.

46. Denied.

WHEREFORE, Answering Defendant respectfully requests judgment in its favor and that it be awarded costs, fees and such other relief as this Court deems just and proper.

## COUNT IV
## PLAINTIFFS v. GETFPV LLC and LUMENIER LLC
## NEGLIGENCE

47. Answering Defendant incorporates by reference its answers to Paragraphs 1 through 46 as if same were fully set forth at length herein.

48. The averments in Paragraph 48, and its subparts, are directed to a defendant other than this Answering Defendant and therefore no response is required.

49. The averments in Paragraph 49 are directed to a defendant other than this Answering Defendant and therefore no response is required.

WHEREFORE, Answering Defendant respectfully requests judgment in its favor and that it be awarded costs, fees and such other relief as this Court deems just and proper.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by any applicable statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery in this action on the basis of Plaintiffs' contributory negligence, assumption of risk and/or other fault.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are mitigated by virtue of comparative fault.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are mitigated by virtue of contributory negligence.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to join parties in whose absence complete and fair relief cannot be accorded.

## EIGHTH AFFIRMATIVE DEFENSE

The alleged injuries, damages and losses were caused by third persons not parties to this action for whom Wondershop, Inc. is not responsible.

## NINTH AFFIRMATIVE DEFENSE

Wondershop, Inc. did not sell or supply the products alleged to have caused the Plaintiffs' damages, injuries and losses.

## TENTH AFFIRMATIVE DEFENSE

Recovery is barred by Plaintiffs' and/or its insured's spoliation of the evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs do not have capacity to sue.

## TWELFTH AFFIRMATIVE DEFENSE

The product was not defective.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred in the event the product underwent a substantial change and/or alteration by persons or parties beyond Wondershop, Inc.'s control.

## FOURTEENTH AFFIRMATIVE DEFENSE

Recovery is barred because of the abnormal use and/or unintended use and/or misuse of the product.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to provide Wondershop, Inc. timely notice of any alleged defect, breach of warranty, or other claim.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Wondershop, Inc. is not liable pursuant to 18 *Del. C*. § 7001.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Wondershop, Inc. reserves the right to assert any additional defenses that discovery or investigation might reveal to be appropriate.

WHEREFORE, Defendant Wondershop, Inc. respectfully requests that judgment be entered in its favor and that it be awarded costs, fees and such other relief as this Court deems just and proper.

### CROSSCLAIM FOR INDEMNIFICATION

Wondershop, Inc. denies that it has any liability to Plaintiffs.  However, if Wondershop, Inc. is held liable to answer to Plaintiffs under the allegations against it in the Complaint, then Wondershop, Inc. is entitled to indemnification from other defendants in any amount that this Wondershop, Inc. may be required to pay Plaintiffs.

### CROSSCLAIM FOR CONTRIBUTION AND/OR SETOFF

While Wondershop, Inc. denies liability in all aspects, it alternatively avers that, should it be found liable in any respect, Wondershop, Inc. seeks contribution and/or set-off for all claims made or to be made by Plaintiffs against any and all Co-Defendants under 10 *Del. C.* § 6301, e*t seq*., or the applicable statute, and relative degrees of fault be allocated pursuant to 10 *Del. C.* § 6302 or the applicable statute.

### ANSWER TO ALL PAST, PRESENT AND FUTURE CROSSCLAIMS

Wondershop, Inc. denies the allegations of any crossclaims that have been filed or may be filed in the future by any Co-Defendant and demands that such crossclaims be dismissed.

WHEREFORE, Defendant Wondershop, Inc., respectfully requests that judgment be entered in its favor and that it be awarded costs, fees and such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Wondershop demands a trial by a jury on all issues so triable.

                **MARON MARVEL BRADLEY**
                  **ANDERSON & TARDY LLC**

              By: */s/ Paul A. Bradley*
                  Paul A. Bradley (DE Bar ID No. 2156)
                  Donald R. Kinsley (DE Bar ID No. 3006)
                  Stephanie M. Smith (DE Bar ID No. 5805)
                  1201 North Market Street, Suite 900
                  P.O. Box 288
                  Wilmington, DE 19899-0288
                  Telephone: (302) 425-5177
                  Facsimile: (302) 425-0180
                  pab@maronmarvel.com
                  drk@maronmarvel.com
                  ssmith@maronmarvel.com
                  Attorneys for Defendant and
                  Cross-Claimant, Wondershop Inc.

Dated: September 9, 2021